IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SARA HAUGHT                                                                                    PLAINTIFF

          v.                    Civil No. 13-2217

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

    Plaintiff, Sara Haught, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

    Plaintiff filed for DIB on August 19, 2011, alleging an onset date of June 10, 2010, due to hypertension, scoliosis, arthritis around the tailbone, sciatic nerve problems, depression, and anxiety.  Tr. 126-132, 159, 183-184.  Her claims were denied both initially and upon reconsideration.  Tr. 71-74.  An administrative hearing was held on June 8, 2012.  Tr. 46-70. Plaintiff was present and represented by counsel.  She was 43 years old and possessed a high school education. Tr. 50-51. Plaintiff had past relevant work ("PRW") experience as a childcare attendant, mini-bus driver, production assembler, hand packager, waste water attendant, group leader/lead worker. Tr. 160, 165-169, 175-182, 210.

On July 27, 2012, the ALJ found Plaintiff's hypertension, scoliosis, osteoarthritis, depression, and anxiety to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16-17. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work "except she requires a job which involves only simple tasks and simple instructions; and can have no more than incidental contact with the public." Tr. 17. With the assistance of a vocational expert, the ALJ concluded Plaintiff could return to her PRW as a production assembler. Tr. 21.

Plaintiff's request for review by the Appeals Council was denied on August 12, 2013. Tr. 1-9. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

## II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

AO72A
(Rev. 8/82)

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the ALJ concluded that Plaintiff could perform light work limited only by her mental limitations. No postural limitations were included or considered by the ALJ, in spite of the evidence to the contrary. The record reveals that Plaintiff suffers from scoliosis. Scoliosis is a sideways curvature of the spine that can be both severe and disabling. Mayo Foundation for Medical Education and Research, *Scoliosis*, http://www.mayoclinic.org/diseases -conditions/scoliosis/basics/definition/con-20030140 (last accessed November 6, 2014).

Examinations have revealed a significant deformity of the right side of her upper back jutting out and ribs caving inward on the right side. Tr. 314-317. An MRI of her thoracic spine in October 2012 revealed scoliosis to the thoracic spine with a small right paracentral protrusion and spur at the T2-3 level, degenerative change of the facets, moderate levoconvex curvature of the upper thoracic spine, and dextrocurvature of the lower thoracic spine. Tr. 324. Similarly, an MRI of her lumbar spine showed curvature of the thoracolumbar spine, four non-rib-bearing lumbar type vertebral bodies with transitional appearance to the S1 vertebral body, and a small central disk herniation at the L4-S1 level with no evidence of nerve root impingement. Tr. 325. In February 2012, Plaintiff's treating doctor, Dr. Carolyn Dillard, opined that Plaintiff could lift less than 10 pounds both frequently and occasionally, stand a total of 2 hours in an 8-hour workday, and sit or 4 hours in an 8-hour day. Tr. 282-283. She also found Plaintiff could occasionally climb and kneel and never balance, stoop, crouch, bend, push or pull. Further, Dr. Dillard indicated that Plaintiff was limited with regard to reaching, handling, fingering, and feeling. And, she stated that vibrations would impair her hands, back, and legs and temperature extremes, dust, fumes, and humidity would impair ability to breathe.

The ALJ chose to disregard Dr. Dillard's opinion, finding it was not supported by the overall record. While we do recognize that the medical evidence in this case is somewhat limited, the records in evidence reveal consistent complaints of pain and disability necessitating the use of narcotic pain medication, Mobic, and steroid injections. As such, we cannot say that the ALJ's RFC assessment is supported by substantial evidence. Remand is necessary to allow the ALJ to reconsider the evidence concerning Plaintiff's scoliosis, giving special attention to the curvature of her spine which has resulted in pain and muscle spasm and impacts Plaintiff's

5

ability to stand, walk, bend, crouch, stoop, crawl, balance, reach, push, and pull. The mere fact that Plaintiff's condition has not yet necessitated surgery and does not require her to use an assistive device to walk does not mean that she is capable of performing a full range of light exertional level work.

### IV.     Conclusion:

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE